# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PSARA ENERGY, LTD. § | | |
| Plaintiff, § | | G-13-cv-_____ |
| § | | |
| v. § | | ADMIRALTY |
| § | | |
| SPACE SHIPPING LTD.; BARBAROS § | | |
| MARITIME, LTD; GEDEN HOLDINGS, § | | |
| LTD; and GENEL DENIZCILIK NAKLIYATI § | | |
| A.S., § | | |
| Defendants. § | | |

**DECLARATION OF DESPOINA BACHA**

I, Despoina Bacha under 1746 of Title 28 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am an individual of sound mind, and have never been convicted of a crime of moral turpitude. This declaration is submitted in support of the application of PSARA ENERGY, LTD. (hereinafter "Plaintiff") for the maritime attachment and garnishment of property of the Defendants in the above styled proceedings.

2. I am a citizen of Greece and a resident of Athens and a lawful representative of the Plaintiff in the above action and duly authorized on its behalf to make this declaration which is based on my personal knowledge, documents and writings contained in the records of the Plaintiff company, on public records in, Malta and other countries, and on information provided to me by lawyers, and solicitors in other countries, and other information available to the public at large.

1

3  I am familiar with the business transactions out of which Plaintiff's claim arises. My declaration is also based on documents and information given to me by employees of the Plaintiff and respective attorneys.

4.  I am familiar with the contents of the Original Verified Complaint about to be filed in the above captioned action and I am making this Declaration in support thereof, and declare that the contents of the said Complaint are true and correct to the best of my knowledge, information and belief.

5.  Defendant GEDEN HOLDINGS, LTD (hereinafter "GEDEN") was and is the owner and operator for profit of a fleet of tanker and dry cargo vessels and also the operator for profit of non-owned chartered-in ships. (ANNEX 1 at p 40).[1] The fleet of vessels owned by GEDEN includes, among others the Motor Tanker POWER. (*Id.*, at pp. 77, 85, 86; ANNEX 2 at p 12) which is registered in the name of a single owning corporate entity - Barbaros Maritime Ltd. (hereinafter "BARBAROS") (ANNEX 1 at p. 77). BARBAROS is entirely owned by GEDEN (ANNEX 1, at p. 29). Alternatively, according to information authored by the financial consultants of the Geden Group, the vessel POWER and the company which owns it are, in turn, controlled by Genel Denizcilik Nakliyati A.S. (hereinafter "GDAS"), (*Id.* at. p. 77); (ANNEX 2, at p. 2)[2] and /or the parent company of GDAS, Cukurova Group, a leading Turkish commercial conglomerate ultimately owned by members of the Karamehmet family. (ANNEX 1, at pp. 76-77).

---

[1] ANNEX 1 is a Prospectus of Universal Maritime, Inc. a spin-off corporation of GEDEN HOLDINGS LTD. a Marshall Islands company by which the Geden group attempted to launch an initial public offering in the Oslo Stock Exchange in June of 2012.  The initial public offering was withdrawn in July 2012.
[2] ANNEX 2 is a single document which was filed as EXHIBIT F, Doc 33-6, in Southern District of Texas Civil Action 4:13 - 01449.  The reference to pages of this ANNEX are to the court file document pages as these appear in the court record.

2

6. GEDEN and GDAS publicly hold out the vessels they own through one-ship-companies, including the M/T POWER as their own assets as shown from the attached ANNEX 1 at pp. 29 and ANNEX 2 generally.

7. Even though each vessel in the fleet of GEDEN/GDAS, which has not been chartered-in or leased-in from a third party, is registered to an individual separate owning company, referred to by GEDEN/GDAS as an "SPV",[3] GEDEN and GDAS operate these vessels as assets of a single business enterprise which is beneficially owned by the Karamehmet family, which entirely controls its "SPV" subsidiaries and completely dominates them through GEDEN and GDAS.  GDAS is owned via the Cukurova Group a Karamehmet family owned conglomerate. (*See* ANNEX 1, pp. 76-77). The GEDEN/GDAS SPV's comprise an integrated whole that has commonly shared economic and financial planning as evidenced by a common and unified business strategy for coping with the current shipping market crisis (*See* ANNEX 2); and a common and shared - unsuccessful- attempt to spin off an initial public offering in which the assets of the "subsidiaries" were identified and were being treated as assets of the GEDEN/GDAS group (*See* ANNEX 1 at pp. 5, 40, 76).

8. According to the information disclosed by GEDEN, BARBAROS which "owns" the M/T POWER is owned by GEDEN. (ANNEX 1 at p. 29).

9. Throughout the time period that Plaintiff has transacted business with the bareboat charterer of the vessel which is, in accordance with the charter party, SPACE SHIPPING, LTD., of Malta, the vessel was actually operated by GDAS and the said company dealt with Plaintiffs as the management company of GEDEN that carried out the operating functions of GEDEN and SPACE SHIPPING. LTD. GDAS and GEDEN's officers acted

---

[3] "Special Purpose Vehicle" *see e.g.* ANNEX 1 at pp. 172, 77; ANNEX 2 at p.7.

interchangeably on behalf of GEDEN, GDAS, and SPACE SHIPPING as if they comprised a single business. Indeed, under the charter party for the bareboat chartering of the M/T CV STEALTH  Space Shipping  Ltd. is a mere nominee of  the real charterer who is, under the express terms of the bareboat charter party, GEDEN. (*See* Annex 3, at page 2 box 4 of the bareboat charter party).

10. From my review of various records and documents relating to the bareboat charter of  the CV STEALTH it is obvious that GEDEN; GDAS; and SPACE have common officers, common directors, and common parent companies, and common beneficial owners as follows:  Mr. M. Bülent Ergin, is director of GEDEN and GDAS, and Çukurova Holding A.S; Mr. A. Tugrul Tokgöz is on the board of directors of GEDEN and  GDAS and Çukurova Holding A.S; Mr. Mehmet Mat is the chief financial officer of GEDEN and GDAS (ANNEX 1 at pp.  100-101); These corporate entities are owned by members of the Karamehmet family (ANNEX 1 at pp. 5, 76-77, 151).

11. GEDEN, though holding itself out as a Maltese company with a business address at 85 St. Jonh's Street, Valletta, Malta is not in actual fact operating in Malta but carries on its operations by and through GDAS a/k/a Geden Lines whose business address "Buyukdere Caddesi, Yapi Kredi Plaza A Blok K-12, Leventi-Istanbul- Turkey" and telephone numbers GEDEN lists as its own mailing address and telephone number. (*See* copy of the performance guarantee of GEDEN hereto attached as ANNEX 4; Page styled "Contacts" from the website of Geden Lines hereto attached as ANNEX 5).

12. According to the listing of the M/T POWER contained in the EQUASIS online data base, the registered owner of this vessel is Barbaros Maritime, Ltd; and defendant GDAS is its manager. (*See* copy of EQUASIS report hereto attached as ANNEX 6). GDAS also holds the

4

International Safety Management Code Document of Compliance for the M/T POWER (*See* copy of the certifying classification society on-line record hereto attached as ANNEX 7); and the certificate of financial responsibility (COFR) for the same vessel. (*See* copy of the online COFR record for the M/T POWER hereto attached as ANNEX 8); and is the corporate entity that has entered the M/T POWER for P&I risks with Steamship Mutual Underwriting Association Ltd. as it is clear from the certification of the entry of this vessel which available online. (A copy of the certification of Steamship Mutual is hereto attached as ANNEX 9).

13. GEDEN and GDAS deal with the assets of the one-ship-companies that form the GEDEN group as if they were their own assets: They have generated and presented to the public and to their financing banks consolidated financial statements reflecting the pursuit of a single business enterprise carried on by them and their subsidiary SPV- one-ship-companies. (*See e.g.* ANNEX 1 pp. pp's 12, 13, 14, 112; ANNEX 2, generally); GEDEN and GDAS have asserted their ability and proclaimed their right to sell or otherwise dispose of the assets of the one ship companies as if they are their own property. (See ANNEX 1 at pp 5, 29).

14. On or about February 23, 2010 Plaintiff Psara Energy, Ltd. entered into a bareboat charterparty (hereinafter "the charter party" with "Geden Holdings Limited, Malta or nominee always guaranteed by Geden Line. Performance Guarantee to the satisfaction of Owners and their financiers to be mutually agreed." The charter is in the Barecon 2001 form with amendments for the bareboat chartering of the Motor Tanker CV STEALTH under such terms and conditions as were agreed under the said charter party including a period of five years plus or minus 30 days and a variable charter rate as agreed under charter party Addendum 2. The charterparty and all addenda were signed on behalf of the Charterers by Tugrul Tokhöz, who is also a director of GEDEN and GDAS. *See* ANNEX 3.

15. On or about March 4, 2010 the same Tugrul Tokhoz signed on behalf of Geden Holdings, Ltd. of Malta a document headed "IRREVOCABLE PERFORMANCE

5

GUARANTEE" whereby Geden Holdings Ltd. of Malta unconditionally and irrevocably guaranteed as primary obligor on first demand the full and timely performance by the Charterer Space Shipping Ltd. of all its obligations under the charter party contract, including but not limited to punctual payment of the hire. *See* ANNEX 4.

16.     On January 29, 2013, at the request of Geden, Psara Energy Ltd. agreed to an arrangement whereby commencing on December 1, 2012 and ending on December 1, 2013 the daily charter hire of the CV STEALTH would be reduced by U.S. 3,225 and the payment of this amount which totals U.S. $ 1,117,125 would be deferred and repaid in proportionally equal installments (of $ 2,072 daily) added to the daily hire (after December 2013) through June 22, 2015.  A charter party addendum (No. 3) containing these terms was made and was signed by the respective parties' representatives.  The Charterers' and Guarantor's representative was in this instance also Mr. Tuğrul Tokgöz.  A copy of the said addendum is hereto attached as ANNEX 10.

17.     On April 15, 2013 Plaintiff, invoiced Defendants GEDEN and SPACE Shipping, Ltd. for the bareboat charter hire for the month of May the sum of $ 233, 275, and on May 16, 2013 invoiced the sum of $ 217,208.33 representing the amount of bareboat charter hire payable for the month of June 2013, which according to the terms of the charter party is payable in advance (Clause 11).  A copy of the invoices is hereto attached as ANNEX 11.  Arbitration was commenced on June 13, 2013 through the appointment of Mr. Michael Baker-Harber. *See* ANNEX 12.

18.     On June 21, 2013 Plaintiff made due demand to Geden as co-obligor of Space Shipping Ltd. to pay the sum of the above noted overdue amounts of bareboat charter hire *i.e.* $450,483.33.  A copy of the demand is hereto attached as ANNEX 13.

19. Both Space Shipping, Ltd. and Geden Holdings have failed and refused to honor their obligations respectively under the charter party and the performance guarantee.

20. Declarant is employed by Stealth Maritime Corporation S.A. which manages other vessels which are bareboat chartered to GEDEN and its affiliates under similar bareboat charter arrangements and has learned from them that GEDEN and its respective affiliates have similarly dishonored their obligations to pay bareboat charter hire for the respective vessels they have hired and are likewise in default.

21. By making diligent enquiries in the shipping market and closely following the performance of the Geden Group Plaintiff has learned that GEDEN is attempting to restructure its shipping business corporate structure in a manner which is likely to involve wholesale repudiation of charter parties and shifting of assets that would severely compromise its ability to honor its obligations under the performance guarantee and similarly the ability of GEDEN'S wholly owned subsidiaries', including the ability of Space Shipping, Ltd., to honor their charter party commitments.

22. More specifically the record in a civil action recently filed in the United States District Court for the Southern District of Texas disclosed a document authored by business Consultants of GEDEN and GDSA (hereto attached as ANNEX 2) which outlines a restructuring plan that, among other things, would:

    A. Expropriate GEDEN of its shipping assets (vessels) by shifting its subsidiaries that own vessels "into appropriate newcos" (new corporate entities) for the purpose of making the assets unreachable by creditors to whom GEDEN and respective subsidiaries have undertaken important contractual obligations, a process that GEDEN and its consultants have characterized as "Ring-fence potential sources of disruption, holdouts, or nuisance (such as arrests or sister-ship arrests)." *Id.*, at p. 7.
    B. Establish the successor corporate entities ("newcos") of GEDEN with such a shareholding structure as to minimize the risk of the assets being arrested under

7

    process of law by unpaid creditors. *Id.*, at p. 40.
 C. Relegate creditors who have extended non-financing credit to the GEDEN group of companies to a "Group D" status outside the "privileged" creditors of the "newco" groups. Such creditors include Plaintiff and other owners within the Stealth group who have bareboat charters with Geden.
 23. GEDEN in conjunction with its group of subsidiaries has already implemented its "restructuring plan" by large scale defaults on the obligations it owes to the creditors that it has relegated to its restructuring "Group D" and is already in serious default to Icon Amazing, LLC to which it is indebted in excess of U.S. $ 1,000,000 and to First Ship Lease (FSL) of Singapore to which it owes substantial sums of unpaid lease money; and has also defaulted in its obligations to Stealth Group vessel owners being entirely in default in its May and June 2013 installments of bareboat charter hire to: Eclipse Liquidity, Inc. in respect of its bareboat charterparty of the M/T AVOR of May 27, 2010; Tank Punk Inc. in respect of its bareboat charter party of the M/T SPIKE of 26 March 2010; to Ai Giorgis Oil Trading Limited in respect of its February 23, 2010 charter party of the M/T CS STEALTH; and to Psara Energy Limited in respect of its February 23, 2010 charter party of the M/T CV STEALTH, with the total amount of the default being in excess of U.S. $ 2,000,000.

 24. Due demands made by the owners of the vessel's on Geden Holdings Ltd. under its respective performance guarantees to the owners of the M/T's : SPIKE; CS STEALTH ; CV STEALTH ; and AVOR have been ignored.

 25. Plaintiff has commenced London maritime arbitration against Space Shipping, Ltd. (ANNEX 12) and suit in the High Court in London against Defendants GEDEN to recover the respective unpaid amount of US Dollars $ 450,483.33 that the said Defendants owe for breach of the respective obligations under the charter party and performance guarantee in respect of hire.

8

Under the penalties of perjury under the laws of the United States I declare that the contents of the above and foregoing declaration are true and correct.

Signed in Athens, Greece this 27th day of June 2013

............................................